**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

       Plaintiff,

vs.                              Case No. 1:19-CR-00559 KWR

GABRIEL GRUBER,

       Defendant.

**ORDER CONTINUING JURY TRIAL AND
MAKING CASE-SPECIFIC ENDS OF JUSTICE FINDINGS**

THIS MATTER comes before the Court *sua sponte*, having determined it is necessary to continue the criminal trial currently scheduled for November 9, 2020.  This order contains individualized findings under the Speedy Trial Act, which support of the exclusion of time between the original and new trial dates. Specifically, the Court FINDS that the ends of justice served by the continuance of the trial in this matter outweigh the best interest of the public and the defendant in a speedy trial because:

(1) The Coronovirus "COVID-19" pandemic has been declared a national health emergency by the President of the United States and the New Mexico State Governor. The COVID-19 emergency has not yet ended, and it recently became much worse.

(2) The Centers for Disease Control and Prevention and other public health authorities continue to advise precautions to reduce the possibility of exposure to the virus and slow the spread of the disease. Chief among these is social distancing and mask use.

(3) The Pete V. Domenici Courthouse in Albuquerque, where trial would be held,

is presently operating at Phase II of the Court's Phased Restoration of Operations, which involves minimal staffing and limited access to the courthouse by members of the public.

(4) The venire panel for this matter is drawn from the Northern Division for the District of New Mexico.

(5) As of November 1, 2020, COVID-19 cases reached record levels in New Mexico, from a low of well under 100 daily cases in September to over 1,000 daily cases on October 29, 2020.   As of November 1, 2020, the seven-day average of new Covid-19 cases per day was 768, well above the seven-day average of 89 on September 10, 2020.   https://www.abqjournal.com/coronavirus. This is an approximate ten-fold increase in cases.   There is a high testing positivity rate and a high rate of spread.

(6) On November 3, 2020, there were 1,141 new cases, raising the seven-day daily average to 868.   This appears to be a record high, and COVID-19 is spreading at a greater rate than any other time in New Mexico.

(7) The health risks posed by the virus will adversely impact the ability of the Court to obtain an adequate spectrum of jurors.   Jurors are likely to request excusal from jury duty.   Moreover, the District of New Mexico is a large district, and many jurors travel across the state, stay in hotels, and likely eat at restaurants. Hotels and restaurants are currently under reduced capacity orders by the Governor.   Not only is it difficult for jurors to travel under the current restrictions, but travel adds to the risk of spreading the virus and endangers the health and safety of jurors.

(8) The Governor has ordered that group gatherings be limited to five individuals.

The Court is unable to observe that limitation in a jury trial.

(9) In the typical past practice, trials inherently involved crowded courtrooms; in addition to the attorneys, the defendant, and Court and security staff, sometimes 50 to 100 prospective jurors spend hours on crowded seats where they cannot avoid close physical proximity with others. Additionally, once selected, a minimum of twelve jurors must meet and deliberate in a closed room. Thus, even if the Court could obtain an adequate spectrum of jurors and manage the safe selection of a jury in the midst of the COVID-19 pandemic, the nature of jury work hampers the Court's ability to protect the safety of those jurors as recommended by the CDC and DOH. Accordingly, the Court's ability to maintain compliance with current public health and safety recommendations using its prior courtroom space makes jury trials practically impossible, in light of the recent outbreak.

(10)    The District of New Mexico has created a plan to conduct jury trials in a manner that attempts to comply with public health and safety recommendations and increases social distancing.   Nevertheless, the Court cannot seat a jury while maintaining compliance with current public health and safety recommendations, including social distancing, given the record number of COVID-19 cases. The Confrontation Clause also appears to require that witnesses testify without a mask obscuring their face, which increases the risk of aerosol transmission in the courtroom.   Jury trials right now are practically impossible from a public health and safety standpoint.

(11)    Failure to continue the trial in this case will likely make its completion impossible

due to public-health risks posed to prospective jurors, witnesses, attorneys, court

personnel, and the defendant.

(12)    In addition to the district-wide public-health risks, an ends-of-justice delay is

appropriate because:

- Counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with witnesses, which is inconsistent with the advice from the Centers for Disease Control and Prevention.

- The trial involves multiple law enforcement witnesses who, pursuant to their work obligations and constant contact with the community, present an increased likelihood for spread of the virus. The risk is compounded by the restrictions on mask-use by witnesses.

(13)    The Government has identified at least nine witnesses, including FBI agents or

members of the Navajo Nation.  **Doc. 93.**   Travel under the current restrictions could

burden the witnesses.  Moreover, it is unclear whether there are any out of state

witnesses.   The Governor has entered an order requiring out of state visitors and those

who visit other states to quarantine for fourteen days.   The pandemic has reached

record levels in the United States (nearly 100,000 daily cases), therefore quarantining

out of state visitors is appropriate to reduce the spread of COVID-19.   However, the

Court finds that the quarantine period will likely produce a hardship on out of state

witnesses.

(14)    There is currently an active outbreak of COVID-19 at Cibola County

Correctional Center, where Defendant is housed.

(15)    Given the tenfold increase in cases, the Court finds that any significant

reduction in COVID-19 cases sufficient to safely hold a jury trial will likely take

at least 60 days.   Cases are not yet trending downward.

(16)   Given the high rate of COVID-19 case transmission in New Mexico, it is highly likely that a participant in the jury trial would be infected with COVID-19 and others would not be able to adequately social distance in the Court's facilities. Safely empaneling a jury, conducting a trial, and arranging jury deliberations, is not currently possible in the physical facilities available to the court.   Long exposure in confined spaces, which is inherent in trial, increases risk of infection.

(17)   This case is currently not ready for trial.   Defendant previously requested a 60 day continuance on August 10, 2020, because of COVID-19.   Defense counsel noted: "Counsel has not been able to have a substantive conversation with Defendant since he was hired. The prison (understandably) will not let counsel to visit the property, and prison officials were monitoring the one conversation that counsel had with Defendant. When a separate call was set up on a private line, Defendant was unable to call, presumably because he has contracted COVID-19." **Doc. 86.**   "Counsel anticipates that COVID-19 will continue to affect the investigation into the facts of case, including conducting witness interviews, which are typically and preferably done in person."   **Doc. 87 at 2.**   The Court believes that COVID-19 is continuing to impact Defendant's ability to prepare for trial, because he was unable to comply with the Court's requirements, including formulating proposed instructions with the Government and addressing motions in limine.   **Doc. 99 at 1 n.1.**   Responses to the Government's motion in limine have not yet been filed by the deadline required by the Court.   **Doc. 88.** Therefore, the Court believes that the failure to grant a continuance in this case would deny

counsel for the defendant the reasonable time necessary for effective preparation,

taking into account the exercise of due diligence.   § 3161(h)(7)(B)(iv).

Although the District of New Mexico has implemented procedures to hold a jury trial during the pandemic, when the infection rate was much lower, the above findings show it is impossible to currently hold a jury trial without endangering the health and lives of venire panel members, jurors, court staff, parties, and counsel.   Moreover, it is likely impossible to obtain an adequate spectrum of jurors.   Finally, counsel is unlikely to be able to adequately prepare for trial. Given the record COVID-19 cases in New Mexico, the Court finds that the need to protect the health of the public during a deadly pandemic outweighs the best interest of the Defendant and the public to a speedy trial.

Moreover, the District of New Mexico previously entered administrative orders continuing all jury trials prior to July 31, 2020.   The Court hereby adopts those findings in this order, including (but not limited to) the following.   *See* Administrative Orders 20-MC-00004- 08, 20-MC-00004-09, 20-MC-00004-15, 20-MC-00004-17, and 20-MC-00004-27. As stated in the Court's Administrative Order, the Court "cannot seat a jury while maintaining compliance with the current public health and safety recommendations, thereby making jury trials practically impossible from a public health and safety standpoint." Administrative Order 20-MC-00004-17. Further, "if a trial were to proceed, it is likely that in-custody defendants, even exercising due diligence, would be denied the reasonable time necessary for effective and adequate trial preparation, given that many detention centers have implemented lockdown procedures to prevent the spread of COVID-19 virus thus hampering the ability of counsel to meet with their clients." *Id*.

Although the administrative order continuing trials expired on July 31, 2020 (20-mc-4,

Doc. 27), the Court finds that the ends-of justice findings in the administrative orders (20-mc-4, Doc. 17) still apply to the specific circumstances of this case, because the outbreak of COVID-19 and the danger to the health and safety of the public is higher than it has ever been.

Considering the above and the relevant factors under 18 U.S.C. §3161(h)(7)(B)(i-iv), the Court finds that the ends of justice served by continuing the November 16, 2020 jury trial outweigh the best interest of the public and the defendant in a speedy trial. *See* § 3161(h)(7)(A). Therefore, all the time from the issuance of this order until the beginning of jury selection on January 19, 2021 in this matter shall be excluded for the purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that the Jury Selection/Trial of November 9, 2020 is **VACATED**.   Jury Selection/Trial is reset for **January 19, 2021, at 9:00 a.m.**, on a trailing docket at the United States Courthouse, 333 Lomas Blvd., NW, Bonito Courtroom, before Judge Kea W. Riggs in Albuquerque, New Mexico.

**IT IS FURTHER ORDERED** that the case management deadlines remain the same. Counsel shall adhere to the instructions and case management deadlines previously issued.

**IT IS FURTHER ORDERED** that pursuant to 18 U.S.C. §3161(h)(7)(A), the Court finds that the ends of justice served by continuing the November 9, 2020 jury trial until January 19, 2021 outweigh the best interest of the public and the defendant in a speedy trial.

KEA W. RIGGS
United States District Judge