**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

UNITED STATES OF AMERICA

      Plaintiff,

vs.                                                  Case No. 1:19-CR-00559 KWR

GABRIEL GRUBER,

      Defendant.

## ORDER RESULTING FROM IN CAMERA REVIEW

THIS MATTER is before the Court following an *in camera* review of two documents in defense counsel's possession.  Defense counsel provided the Court with redacted and clean copies of two documents, both of which were memoranda produced by prior defense counsel.  Defense counsel proposed providing redacted copies to the Government to satisfy discovery obligations.

Initially, the Court believes that the redactions were appropriate and only privileged material was redacted.  The redacted material fell under the attorney-client privilege or other privileges, or were attorney impressions or attorney work product.

However, the Court declines to order the discovery of the redacted documents because they are excluded from discovery under Fed. R. Crim. P. 16(b)(2).  This rule provides:

> (2) *Information Not Subject to Disclosure*. Except for scientific or medical reports, Rule 16(b)(1) does not authorize discovery or inspection of:
>
> (A) reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense; or
>
> (B) a statement made to the defendant, or the defendant's attorney or agent, by:
>
> (i) the defendant;

(ii) a government or defense witness; or

(iii) a prospective government or defense witness.

Fed. R. Crim. P. 16(b)(2). This exclusion under Rule 16(b)(2) is intended to protect a criminal defendant's work product. Fed.R.Crim. P. 16 advisory committee's notes (1975 enactment), *cited in United States v. Harry*, No. CR 10-1915 JB, 2014 WL 6065705, at *11 (D.N.M. Oct. 14, 2014). Initially, the documents themselves are excludable because they are reports, memoranda, or other documents made by the defendant's attorney during the case's investigation or defense. Fed. R. Civ. P. 16(b)(2)(A). Alternatively, they are excludable because they are statements made by a prospective witness to the defendant's attorney. Fed. R. Civ. P. 16(b)(2)(B)(iii). Finally, it is unclear whether Defendant intends to use any of this in the defendant's case in chief. Fed. R. Civ. P. 16(b)(1)(A).

Therefore, Defendant need not disclose the two redacted documents the Court reviewed *in camera*.

**IT IS SO ORDERED.**

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

2